PAUL ALAGA, CSBN, 221165
LEWIS ROMERO, CSBN, 197231
885 Bryant Street, Suite 202
San Francisco, California 94103
415-581-0885 Tel.
415-581-0887 Fax.
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO ALEJANDRO MORENO,<br><br>                Plaintiffs<br><br>vs.<br><br>HAYWARD POLICE DEPARTMENT; CITY OF HAYWARD, a municipal corporation; DIANE E. URBAN (individually and in her capacity as Chief of Police for the City of Hayward); MIKE MILLER, (individually and in his capacity and a Hayward Police Officer); and DOES 1-50,<br><br>                Defendants.<br>_____ / | Case No. 14-cv-5405<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and

practices alleged herein occurred in the City of Hayward, California, which is within this judicial district.

2. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

**PARTIES**

3. The Plaintiff Mauricio Moreno (hereinafter "MORENO") is an individual, over the age of eighteen and a resident within the Northern District of California.

4. Defendant City of Hayward (hereinafter "HAYWARD") is a municipal corporation, duly organized and existing under the laws of the State of California. The Hayward Police Department operates under the authority of Defendant HAYWARD.

5. The defendant Hayward Police Department (hereinafter "DEPARTMENT") is a municipal police agency operated in and for the Defendant HAYWARD in the County of Alameda. Defendant Diane E. Urban (hereinafter "URBAN" is and was the Chief of Police for the Hayward Police Department during the time of the alleged unlawful acts and practices herein.

6. Defendant Mike Miller (hereinafter "MILLER") is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein. MILLER was and at all times during the times herein alleged employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

7. Plaintiff continues to be ignorant of the true names and capacities of Defendants, DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, Defendant police officers MILLER and DOES 1-25 acted under the color of law and in the course and scope of their employment with Defendant DEPARTMENT. In engaging in the conduct described herein, Defendants MILLER and DOES 1-25

exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant DEPARTMENT.

## STATEMENT OF FACTS

9. On or about July 12, 2014 Defendants, Defendant police officers MILLER and DOES 1-25 unlawfully detained and arrested Plaintiff MORENO. Plaintiff walking down Thelma Street in the City of Hayward when Defendant MILLER approached and seized Plaintiff and without any provocation, reasonable suspicion, probable cause. Defendant MILLER ordered Plaintiff to sit on the ground. Plaintiff inquired the bases for the seizure. In response, Defendant MILLER grabbed Plaintiff and threw him to the ground and assaulted and battered him. DOE police officers 1-25 arrived at the scene and also assaulted and battered Plaintiff. Plaintiff was taken from the scene to the emergency room at Kaiser Permanente.

10. During this encounter, Plaintiff was placed in imminent fear of his life.

11. Plaintiff was detained without any just provocation, warrant, or probable cause, by Defendants, MILLER and DOES 1-25. Plaintiff was falsely imprisoned, and mentally and emotionally injured and damaged as a proximate result of this incident.

12. Plaintiff sustained serious personal injuries, emotional harm and property damage.

13. The assault and battery on Plaintiff described herein was brutal, malicious, and done without any just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

14. As a proximate result of Defendants' conduct, Plaintiff suffered pain and physical injuries. As a further proximate result of Defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of security, dignity, and pride. Plaintiff was mentally and emotionally injured and damaged as a proximate result of this incident.

15. The conduct of Defendants MILLER and DOES 1-25 were malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendants.

16. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

## FIRST CAUSE OF ACTION
## (42 U.S.C. § 1983)
## (Against Defendant Officer MILLER and DOES 1-25)

17. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 16 of this Complaint.

18. In doing the acts complained of herein, Defendants MILLER and DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///
///
///
///

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendant HAWARD, DEPARTMENT, URBAN, and DOES 26-50)

19. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 19 of this Complaint.

20. Plaintiffs are informed and believe and thereon allege that high ranking officials of Defendant DEPARTMENT, including high ranking police supervisors, such as URBAN and DOES 26-50, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant MILLER, and DOES 1-25, and/or each of them.

21. Despite having such notice, Plaintiff is informed and believe and thereon allege that Defendants DEPARTMENT, URBAN and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said Defendants MILLER and DOES 1-25.

22. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MILLER and DOES 1-25 and/or each of them, Defendants DEPARTMENT, URBAN and DOES 26-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

23. The aforementioned acts and/or omissions and/or deliberate indifference by Defendants DEPARTMENT, URBAN and DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;
   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;
   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
## (42 U.S.C. § 1983)
## (Against Defendant HAYWARD, URBAN, and DOES 26-50)

24. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 23 of this Complaint.

25. As against Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50 in their capacity as official policy-makers for Defendant HAYWARD, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

26. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of HAYWARD, DEPARTMENT, URBAN and DOES 26-50, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, and each of them.

27. The injuries and damages to Plaintiff as alleged herein was the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, and each of them.

28. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the DEPARTMENT.

29. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants MILER and DOES 1-25 and/or each of them.

30. The aforementioned customs, policies or practices of Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;
   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;
   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;
   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,
   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Assault)
### (Against Defendant Officer MILLER and DOES 1-25)

31. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32. Defendants MILLER and DOES 1-25, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm by attacking and battering them without any just provocation or cause.

33. These Defendants' conduct was neither privileged nor justified under statute or common law.

34. As a proximate result of Defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

### (Against Defendant Officer MILLER and DOES 1-25)

35. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. Defendants MILLER and DOES 1-25, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm by attacking and battering them without any just provocation or cause.

37. These Defendants' conduct was neither privileged nor justified under statute or common law.

38. As a proximate result of Defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (False Imprisonment)

### (Against Defendant Officer MILLER and DOES 1-25)

39. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. Defendants MILLER and DOES 1-25, inclusive, falsely imprisoned Plaintiffs without probable cause. Plaintiffs had not committed any crime, and there was no basis upon which defendants could have reasonably believed that Plaintiffs had committed any crime.

41. Defendants MILLER and DOES 1-25, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiffs without probable cause. These Defendants exceeded the limits of their

authority as police officers in falsely imprisoning the Plaintiffs without probable cause, and in using excessive and unnecessary force against Plaintiffs.

42.     As a proximate result of Defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTHCAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendant Officer MILLER and DOES 1-25)

43.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 42 of this Complaint.

44.     The conduct of Defendants MILLER and DOES 1-25, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by individuals in a democratic and civilized society.  Defendants MILLER and DOES 1-25, inclusive, committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

45.     As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress.  Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants.  Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against Defendant Officer MILLER and DOES 1-25)

46.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

47. The wrongful conduct of Defendants MILLER and DOES 1-25, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

48. As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
## (Violation of Civil Code Section 51.7)
## (Against Defendant Officer MILLER and DOES 1-25)

49. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 49 of this complaint.

50. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants MILLER and DOES 1-25, inclusive, as described herein, was motivated by racial prejudice against Plaintiffs. In engaging in such conduct, Defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

51. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

52. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

///
///
///
///
///
///

## TENTH CAUSE OF ACTION

## (Violation of Civil Code Section 52.1)

## (Against Defendant HAYWARD, DEPARTMENT, MILLER, MILLER and DOES 1-25)

53. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

54. The conduct of Defendants MILLER and DOES 1-25, inclusive, as described herein, acting in the course and scope of their employment for Defendant HAYWARD and DEPARTMENT, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of their civil rights, through use of wrongful and excessive force.

55. As a direct and proximate result of Defendants MILLER and DOES 1-25's, violation of Civil Code Section 52.1, Plaintiff suffered violations of their constitutional rights, and suffered damages as set forth herein.

56. Since this conduct occurred in the course and scope of their employment, Defendant HAYWARD and DEPARTMENT are therefore liable to Plaintiff pursuant to respondeat superior.

57. Plaintiffs are entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

## (Negligence)

## (Against Defendant HAYWARD, DEPARTMENT, URBAN, MILLER and DOES 1-25)

58. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 57 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants MILLER and DOES 1-25, and any and all allegations requesting punitive damages.

59. At all times herein mentioned Defendants MILLER and DOES 1-25, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use

of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), HAYWARD and DEPARTMENT are vicariously liable to Plaintiff for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

60. As a proximate result of Defendants' negligent conduct, Plaintiffs suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50)

61. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 60 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, and any and all allegations requesting punitive damages.

62. At all times herein mentioned, Defendants HAYWARD and DEPARTMENT, by and through its supervisory employees and agents, URBAN and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to other individuals. With deliberate indifference Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights and injury to said Plaintiff. Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, inclusive, breached their duty of care to individuals in that Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50, inclusive, failed to adequately train its police officers, including Defendants MILLER and DOES 1-25, inclusive, in the proper and reasonable use of force,

the proper and reasonable making of arrests, and treating individuals in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating individuals in a manner that is not racially discriminatory. This lack of adequate supervisory training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by Defendants HAYWARD and DEPARTMENT the continuing failure to make proper and reasonable arrests by police officers employed by Defendants HAYWARD and DEPARTMENT and continuing racially discriminatory behavior towards individuals by police officers employed by Defendants HAYWARD and DEPARTMENT.

63. As a proximate result of Defendants HAYWARD, DEPARTMENT, URBAN and DOES 26-50's, inclusive, negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## JURY DEMAND

64. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff MAURICIO MORENO prays for relief, as follows:

1. For general damages in a sum of $5,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendants HAYWARD and DEPARTMENT from authorizing, allowing, or ratifying the practice by any police officer employee of Defendants HAYWARD and DEPARTMENT from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: December 10, 2014                    Paul L. Alaga
                                            _____
                                            Paul L. Alaga,
                                            Attorney for Plaintiffs